Brent P. Lorimer (#3731)
blorimer@wnlaw.com
Brian N. Platt (#17099)
bplatt@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for The Neck Hammock, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE NECK HAMMOCK, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CHIRP, a dba of Plexus Yoga, LLC, PLEXUS YOGA, LLC, a Washington Limited Liability Corporation; and TATE STOCK, an individual<br><br>    Defendants. | **Case No: 2:19-cv-00521-TS-PMW**<br><br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS CHIRP, PLEXUS YOGA, and TATE STOCK**<br><br><br>**JURY DEMANDED** |

Having reviewed the stipulation of the parties for entry of a Consent Judgment and Permanent Injunction, being fully advised in the premises, and for good cause shown, the Court hereby makes the following findings and enters Final Judgment as follows:

## THE PARTIES

1.  Plaintiff The Neck Hammock, Inc. ("Neck Hammock") is a Delaware corporation with a principal place of business at 830 Hill Street, Apt. E, Santa Monica, California. Neck Hammock does business, has customers, and has suffered injury in the District of Utah.

2.  Defendant Plexus Yoga, LLC ("Plexus Yoga") is a Washington Limited Liability Corporation with a regular and established place of business at 1040 S 1680 W, Vineyard, UT 84059. The registered agent for Plexus Yoga is Mr. Tate Stock, resident at 136 W 200 S apt 107, Provo, UT 84601. Defendant Plexus Yoga was administratively dissolved by Washington's Secretary of State on January 3, 2019.

3.  Defendant Chirp is a Utah registered dba of Mr. Tate Stock and Plexus Yoga, with a regular place of business at 1040 S 1680 W, Vineyard, UT 84059.  The registered agent for Chirp is Mr. Tate Stock, resident at 136 W 200 S apt 107, Provo, UT  84601.

4.  Defendant Tate Stock is an individual and Utah resident, with residence at 136 W 200 S apt 107, Provo, UT  84601.  Mr. Tate Stock is the owner of all interest in the administratively dissolved Plexus Yoga and its dba Chirp and is jointly and severally liable for its acts of infringement.

5.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair

competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 and 15 U.S.C. §§ 1114 and 1125 in this District, and because Defendants are residents in this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Neck Hammock's claims occurred in this District, because Neck Hammock suffered harm in this District, and because Defendants committed acts of infringement in this District. Venue is also proper in this District under 28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1400(b) because Defendants maintain residence and/or a regular and established place of business within this District.

## JUDGMENT

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

8. Neck Hammock owns United States Trademark Registration Nos. 5,626,795; 5,439,768; 5,557,079 (the "Neck Hammock Trademarks").

9. The Neck Hammock Trademarks are valid and enforceable.

10. Defendants wrongfully and without authorization used and infringed the Neck Hammock Trademarks in interstate commerce by advertising "Neck Hammock" products (the "Accused Products") for sale at Defendants' website https://gochirp.com/ using the Neck Hammock Trademarks as shown below:



(https://gochirp.com/products/neck-hammock, retrieved July 23, 2019)

11. Defendants' unauthorized use of the Neck Hammock Trademarks has caused and is likely to cause confusion, to cause mistake, or to deceive consumers as to the affiliation, connection, or association of Defendants' knock-off products with Neck Hammock, or as to the origin, or approval by Neck Hammock of Defendants' knock-off goods, services, or commercial activities. Defendants' actions constitute trademark infringement in violation of 15 U.S.C. § 1114(a).

12. Defendants' unauthorized use of the Neck Hammock Trademarks in the marketing, promotion, offering for sale, and sale of goods bearing the Neck Hammock mark constitutes false designations of origin and a false description or representation that Defendants' website and products originate from, are associated with, or are authorized by Neck Hammock. Defendants' actions constitute unfair competition in violation of 15 U.S.C. §1125(a).

13. Neck Hammock has suffered irreparable harm from Defendants' infringement of the Neck Hammock Trademarks, and Neck Hammock's good will is being eroded by Defendants'

infringement. Neck Hammock has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and goodwill flowing from Defendants' infringing activities.

14. Neck Hammock is entitled to an injunction against Defendants' further infringement of the Neck Hammock Trademarks pursuant to 15 U.S.C. § 1116.

15. Therefore, Judgment is entered in favor of Neck Hammock on its claims of trademark infringement and unfair competition. This Judgment fully and finally resolves, for purposes of res judicata and collateral estoppel, any and all issues of trademark infringement and unfair competition arising out of the allegations of the Complaint.

## COPYRIGHT INFRINGEMENT

16. Neck Hammock is the owner of United States Copyright Registration No. VA 2-090-260 (the "Neck Hammock Copyright") which was duly and legally issued by the United States Copyright Office on January 7, 2018.

17. The Neck Hammock Copyright is valid and enforceable.

18. Defendants unlawfully and without authorization produced, reproduced, and/or prepared reproductions of Neck Hammock pictorial and graphic works protected by the Neck Hammock Copyright without Neck Hammock's consent. Defendants' actions infringe the Neck Hammock Copyright. Examples of such infringement appear below:

//

//

//

//

| **Neck Hammock Copyright** | **Defendants' Accused Products** |
|---|---|
| Relax and gradually stretch | Relax and gradually stretch / e released |
| Pinched nerves are released | Pinched nerves are released |
| Intervertebral Space Expands — ☑ Blood Flow, ☑ Circulation, ☑ Nutrition | Intervertebral Space Expands — ☑ Blood Flow, ☑ Circulation, ☑ Nutrition |

19.     Defendants' acts violated Neck Hammock's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including its exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work, in violation of the Copyright Act.

20. Defendants' infringement has caused irreparable harm to Neck Hammock, for which it has no adequate remedy at law. Neck Hammock is entitled to a permanent injunction against further infringement of the Neck Hammock Copyright.

21. Therefore, Judgment is entered in favor of Neck Hammock on its claims of copyright infringement. This Judgment fully and finally resolves, for purposes of res judicata and collateral estoppel, any and all issues of copyright infringement arising out of the allegations of the Complaint.

## PATENT INFRINGEMENT

22. Neck Hammock is the owner of the following U.S. Patents: 10,307,284 (the "'284 Patent"; D824,035 (the "'D035 Patent"); D845,492 (the "'D492 Patent"); D845,494 (the "'D494 Patent") (the "Neck Hammock Patents").

23. The claims of the '284 Patent, the 'D035 Patent, the 'D492 Patent, and the 'D494 Patent, are valid and enforceable.

24. Defendants have unlawfully and without authorization infringed one or more claims of the '284 Patent, the 'D035 Patent, the 'D492 Patent, and the 'D494 Patent under 35 U.S.C. § 271(a) by, among other things, offering for sale, selling, importing, and/or distributing the Accused Products in the United States.

25. Defendants' infringement of the '284 Patent, the 'D035 Patent, the 'D492 Patent, and the 'D494 Patent has caused irreparable harm to Neck Hammock. Neck Hammock is entitled to a permanent injunction.

26. Therefore, Judgment is entered in favor of Neck Hammock on its claims of patent infringement. This Judgment fully and finally resolves, for purposes of res judicata and

collateral estoppel, any and all issues of patent infringement arising out of the allegations of the Complaint.

## FINDINGS ON PERMANENT INJUNCTION

27. Neck Hammock has prevailed on the merits of its claims for trademark infringement, unfair competition, copyright infringement, and patent infringement.

28. Neck Hammock has suffered and will continue to suffer irreparable harm by reason of the Defendants' continued infringement and wrongful conduct.

29. The balance of hardships and public policy favor the issuance of a permanent injunction in favor of Neck Hammock.

## PERMANENT INJUNCTION

30. Defendants, their officers, agents, servants, employees, and all persons acting in active concert or participation with it who receives actual notice of this injunction by personal service or otherwise, are hereby permanently enjoined as follows:

    a. Defendants are enjoined from using any of the Neck Hammock Trademarks, United States Trademark Registration Nos. 5,626,795; 5,439,768; 5,557,079, or any confusingly similar mark, in connection with any product, packaging, product listing, domain name, business name, or any other form of product identification.

    b. Defendants are enjoined from producing, reproducing, distributing, copying, or using any graphic or pictorial representation protected by the Neck Hammock Copyright, United States Copyright Registration No. VA 2-090-260, or

any substantially similar variation thereof, in connection with any product, packaging, product listing, or any other product sale.

  c. Defendants are enjoined from making, having made, using, selling, advertising, manufacturing, importing, or distributing the Accused Products, or any colorable imitation thereof, which infringes any of the Neck Hammock Patents, until the last of the Neck Hammock Patents expires or is no longer in force.

  d. Defendants are required to remove and/or immediately destroy all internet advertising and promotional materials within the direct control of Defendants, whether such materials are in print, electronic, or other media that contain the Neck Hammock Trademarks or Neck Hammock Copyrights.

  e. Defendants are required to deliver 25 Accused Products to Neck Hammock and physically destroy their remaining Accused Product inventory of 3,816 knockoff cervical traction devices and certify such destruction to Neck Hammock.

31. All parties shall bear their respective attorneys' fees and costs. The terms of the Settlement Agreement between the parties and this Judgment are to be construed together.

32. The Court shall maintain jurisdiction over this action for purposes of enforcement of this Permanent Injunction and Consent Judgment, and the Settlement Agreement between Neck Hammock and Defendants.

The Clerk's Office is directed to close the case.

SO ORDERED.

DATED this 1st, day of October, 2019.

BY THE COURT:

_____
Honorable Ted Stewart
United States District Judge

Approved as to form:

/s/ Brian N. Platt
*Attorneys for The Neck Hammock, Inc.*

/s/ Adam D. Stevens*
*Attorneys for Plexus Yoga, LLC,
Chirp, and Tate Stock*

*\*signature added by filing attorney with permission*